**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1126**

---

HOBET MINING COMPANY; ARCH RESOURCES,

Petitioners,

v.

LEROY WORKMAN; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

Respondents.

---

On Petition for Review of an Order of the Benefits Review Board.  (20-0132-BLA)

---

Argued:  March 19, 2024                                     Decided:  August 2, 2024

---

Before KING, THACKER, and RUSHING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**ARGUED:**  Mark Elliott Solomons, GREENBERG TRAURIG LLP, Washington, D.C., for Petitioner.  Aleksander Tobias Belcher, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia; Sean Gregory Bajkowski, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.  **ON BRIEF:**  Seema Nanda, Solicitor of Labor, Barry H. Joyner, Associate Solicitor, Jennifer Feldman Jones, Deputy Associate Solicitor, Sean G. Bajkowski, Sarah M. Hurley, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Federal Respondent.  Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent Leroy Workman.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A coal mine operator missed the deadline to submit evidence contesting its liability to pay benefits to an injured miner and was then found liable for paying the miner's claim. To avoid this outcome, the operator urges our Court to find the regulatory deadlines unlawful and to consider evidence outside the administrative record. We reject both proposals and so deny the petition for review.

I.

The Black Lung Benefits Act (BLBA) provides benefits to miners who are disabled by pneumoconiosis. 30 U.S.C. §§ 901(a), 922(a), 932(c). The mine operator that employed the disabled miner is typically responsible for paying those benefits. *Id.* § 932(b). To ensure that employers can pay the required benefits, the BLBA requires coal mine operators to obtain commercial insurance or obtain approval from the Department of Labor (DOL) to self-insure. *Id.* § 933(a). In cases where the miner was employed by multiple operators, the BLBA authorizes the Secretary of Labor to promulgate regulations for apportioning liability among operators. *Id.* § 932(h); *see also RB&F Coal, Inc. v. Mullins*, 842 F.3d 279, 281 (4th Cir. 2016).

By regulation, the "responsible operator"—the one ultimately responsible for paying a miner's claim—is the "potentially liable operator" that most recently employed the miner. 20 C.F.R. § 725.495(a)(1). A "potentially liable operator" is a company that satisfies five specified criteria; as most relevant here, the operator must be financially capable of paying benefits, through insurance or otherwise. *Id.* § 725.494.

3

When a miner makes a claim for BLBA benefits, the district director investigates the claim and notifies the potentially liable operators. *Id.* § 725.407. A potentially liable operator then has 30 days to respond, indicating its intent to accept or contest its identification as a potentially liable operator. *Id.* § 725.408(a)(1). An operator that contests its identification must admit or deny five assertions keyed to the five regulatory criteria, including "[t]hat the operator is capable of assuming liability for the payment of benefits." *Id.* § 725.408(a)(2). An operator may submit evidence supporting its denial of any of the five assertions within 90 days of receiving the notification and may receive additional time upon showing good cause. *Id.* § 725.408(b); J.A. 255. "No documentary evidence relevant to [contesting those assertions] may be admitted in any further proceedings unless it is submitted" to the district director within this time limit, 20 C.F.R. § 725.408(b)(2), although at a later hearing, an administrative law judge (ALJ) may admit such evidence in "extraordinary circumstances," *id.* § 725.456(b)(1).

After the notified operator or operators have responded to the notice and the parties have submitted their initial evidence, the district director makes a preliminary determination of liability and identifies a responsible operator. *Id.* § 725.410(a). The operator so designated then has 30 days to object. *Id.* § 725.412(a)(1). The designated responsible operator may submit evidence and identify potential witnesses relevant to liability within a schedule set by the district director (which must allow at least 60 days). *Id.* §§ 725.410(b), 725.414(c). Again, the operator may receive additional time for good cause, and any evidence not submitted or witness not identified before the district director

4

cannot be considered in later proceedings absent extraordinary circumstances. *Id.* §§ 725.414(c), (d), 725.456(b)(1), 725.457(c)(1).

After considering all the evidence, the district director issues a final decision. The parties may then request a de novo hearing before an ALJ. But, as explained above, the ALJ cannot consider liability-related evidence that was not timely submitted or testimony from witnesses who were not timely identified to the district director unless extraordinary circumstances excuse that failure.

Turning to the facts of this case, Leroy Workman filed a BLBA claim in 2015. His last coal mine employment was in West Virginia for Hobet Mining Company, owned by and self-insured through Arch Resources. After Workman's employment ended, Arch sold Hobet to Patriot Coal Company, and in 2015, Patriot went bankrupt.

In April 2016, the DOL notified Hobet, self-insured through Arch, that it was a potentially liable operator for Workman's claim. Arch contested liability but did not submit any evidence. The district director issued a preliminary determination identifying Hobet as the responsible operator and setting deadlines for submitting additional evidence and identifying witnesses. At Arch's request, the district director extended those deadlines. Arch contested liability and identified Workman as a potential witness but did not submit any evidence or identify any other potential liability witness. The district director issued a final decision awarding benefits and assigning liability to Hobet, self-insured through Arch.

Arch requested a hearing before an ALJ. During the ALJ proceedings, Arch attempted to present liability evidence but was stymied by the fact that it had failed to submit that evidence or identify those witnesses to the district director as required by the

5

regulations.  The ALJ ultimately awarded benefits to Workman and found Hobet, self-insured through Arch, to be the responsible operator.  The Benefits Review Board affirmed the ALJ's decision and denied Arch's motion for reconsideration.  Arch then petitioned this Court for review.  *See* 33 U.S.C. § 921(c).

II.

"Our review of a decision awarding black lung benefits is limited."  *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted).  We evaluate "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the Board and ALJ are rational and consistent with applicable law."  *Id.* (internal quotation marks and brackets omitted).  We consider legal questions de novo.  *Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 282 (4th Cir. 2010).

Arch disputes the ALJ's responsible-operator determination.  It also challenges the validity and applicability of the evidentiary regulations governing black lung benefits hearings.  None of its arguments have merit.

Beginning with the substance of the ALJ's liability finding, Arch seeks reversal based entirely on evidence outside the administrative record for this case.  The evidence on which Arch relies appears to have been developed during the administrative discovery process for *other* cases.  Because this evidence was not before the agency when it made its decision in this case, we will not consider it.  *Cf. Ergon-W. Va., Inc. v. EPA*, 980 F.3d 403, 420 (4th Cir. 2020) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973), and *Sanitary Bd. of Charleston v. Wheeler*, 918 F.3d 324, 334 (4th Cir. 2019)).  Arch does not contest that, on the record before the ALJ, Workman is entitled to benefits and Arch satisfies all the criteria

6

for a responsible operator, including the financial capability requirement. *See* 20 C.F.R. §§ 725.494, 725.495(a)(1). Clearly, then, substantial evidence supports the ALJ's finding of liability.[*]

Alternatively, Arch seeks vacatur of the liability finding and a fresh opportunity to develop the administrative record. But Arch has not demonstrated any defect in the procedural rules that govern the submission of evidence to the agency or in how the ALJ applied those rules to Arch.

First, Arch contends that the regulations are inconsistent with their enabling statute, 33 U.S.C. § 919(d), because they divest ALJs of the authority to conduct hearings and manage discovery. Arch is wrong. The regulations merely set timeliness requirements for the submission of certain evidence. They do not remove any of the ALJs' discretion over discovery management or the admission of evidence. Second, nothing supports Arch's assertion that the DOL changed its position on whether these regulations apply to insurance evidence. *See* 20 C.F.R. §§ 725.408(a)(2)(v), 725.494(e) (explaining that evidence of whether an operator is "capable of assuming liability for the payment of benefits" includes "a policy or contract of insurance" and "qualifi[cation] as a self-insurer"). Third, Arch argues that the timeliness regulations are "illegal and unenforceable" because evidence may not be available or known to be relevant until the ALJ hearing occurs. Opening Br.

---

[*] In its briefs, Arch criticizes Bulletin 16-01, which is an internal DOL document that provides guidance to staff in adjudicating claims affected by Patriot's bankruptcy. Neither the ALJ nor the Board consulted or applied Bulletin 16-01 to determine Arch's liability. At oral argument, Arch conceded that the Bulletin is not relevant for resolving this petition. *See* Oral Arg. at 11:55–12:25.

7

20, 29, 30–31.  But the regulations allow the ALJ to admit late evidence in "extraordinary circumstances," 20 C.F.R. §§ 725.414(c), 725.456(b)(1), 725.457(c)(1), and Arch does not dispute the DOL's representation that this includes situations where evidence was previously unavailable.  Furthermore, in other cases covered by the same regulations, Arch has successfully developed and introduced liability evidence and even deposed witnesses.  Its failure to submit evidence in this case cannot be attributed to a flaw in the regulations.

III.

Arch's procedural and substantive challenges to the Board's liability decision are meritless.  The petition for review is

*DENIED.*